IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NEW DAY FINANCIAL, LLC | : |
| | : |
| | : |
| v. | : Civil No. CCB-15-2245 |
| | : |
| | : |
| MARK KATZ, et al. | : |
| | : |

**<u>MEMORANDUM</u>**

New Day Financial, LLC ("New Day"), sues its former employee, Mark Katz, and his new employer, Freedom Mortgage Corporation ("Freedom Mortgage"). Both New Day and Freedom Mortgage originate and process mortgages in the same markets. (*See* Compl. ¶¶ 8–9, ECF No. 2.) New Day alleges that Katz breached a non-compete provision in his employment contract by working for Freedom Mortgage, and that Freedom Mortgage tortiously interfered with that contract. After Freedom Mortgage removed New Day's complaint to this court, New Day moved to remand. For the reasons explained below, that motion will be granted.

**BACKGROUND**

On Tuesday, July 28, 2015, New Day filed its complaint in the Maryland Circuit Court for Howard County, along with a motion seeking both a temporary restraining order and a preliminary injunction to prohibit Katz's continued employment with Freedom Mortgage. (*See* TRO Mot., ECF No. 4.) That complaint alleged that New Day is a limited liability company that is wholly owned by Chrysalis Holdings, LLC, and that maintains its principal place of business in Maryland. (*See* Compl. ¶ 1.) It alleged that Katz resides in Pennsylvania, and that Freedom Mortgage is a New Jersey corporation with its principal place of business in that state. (*See id.* at

¶¶ 2–3.)

One day after the complaint was filed, the Circuit Court for Howard County issued a ten-day restraining order. (*See* Order, ECF No. 6.) At the same time, it scheduled for the following Monday a hearing on the pending motion for a preliminary injunction. (*See* Notice of Hearing, ECF No. 7.) Before that hearing, however, Freedom Mortgage removed the complaint here, invoking this court's diversity jurisdiction. (*See* Notice of Removal, ECF No. 1.) Its notice of removal alleged that New Day had represented that it was a citizen of Maryland in a federal judicial filing dating from 2013, and that publicly available corporate records indicated no subsequent "changes to New Day's ownership or structure since th[at] filing that would impact its citizenship." (*Id.* at ¶ 7.) New Day immediately moved to remand, urging speedy resolution of its motion in light of the scheduled state court hearing and impending expiration of the restraining order. (*See* Mot. to Remand, ECF No. 8.)

This court convened a conference call with the parties to discuss that motion, along with the outstanding motion for a preliminary injunction, on Friday, July 31. On that call, counsel and the court agreed to extend a slightly modified version of the temporary restraining order until a hearing on the requested preliminary injunction and motion to remand could be held on August 20. (*See* ECF Nos. 11, 13.) The court requested that the parties engage in limited written discovery on jurisdiction to prepare for that hearing. (*See* ECF No. 14.) After the parties submitted their briefs, that hearing was held on the designated date. At that hearing, the court again extended a modified version of the temporary restraining order. (*See* Order, ECF No. 32.)

## ANALYSIS

Under 28 U.S.C. § 1441(a), a defendant may remove any case over which this court has

original jurisdiction. "The burden of establishing federal subject matter jurisdiction 'is placed upon the party seeking removal.'" *Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 169 (4th Cir. 2014) (quoting *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)). The removing party must carry that burden by a preponderance of the evidence. *See Hobbs v. Blue Cross Blue Shield of Ala.*, 276 F.3d 1236, 1242 (11th Cir. 2001); *see also Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 371 (4th Cir. 2012) (applying the preponderance-of-the-evidence standard to the party seeking to prove jurisdiction outside the removal context). "In deference to federalism concerns, [this court] is obliged to 'strictly construe' § 1441 and ensure that any claim alleged to afford a basis for federal jurisdiction indeed" lies within this court's competence. *Flying Pigs, LLC v. RRAJ Franchising, LLC*, 757 F.3d 177, 181 (4th Cir. 2014) (discussing federal question jurisdiction).

As noted, Freedom Mortgage invokes this court's diversity jurisdiction.[1] Such jurisdiction is generally limited to disputes between "citizens of different States." 28 U.S.C. § 1332(a)(1). That limitation requires the parties to be completely diverse, "meaning a plaintiff cannot be a citizen of the same state as any defendant." *Johnson v. Am. Towers, LLC*, 781 F.3d 693, 704 (4th Cir. 2015). Where one of the parties is a limited liability company, that party bears the citizenship of each of its members. If one of those members is itself an LLC, then the party's citizenship must "be traced through multiple levels," meaning that its citizenship derives from the membership of the parent LLC, as well as its own membership. *Mut. Assignment & Indemnification Co. v. Lind-Waldock & Co.*, 364 F.3d 858, 861 (7th Cir. 2004). Courts assess the citizenship of a natural person by domicile. *See, e.g.*, *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). And domicile turns on a host of factors, including

---

[1] The parties do not contest that there is no basis for federal question jurisdiction under 28 U.S.C. § 1331.

>current residence; voting registration and voting practices; location of personal and real property; location of brokerage and bank accounts; membership in unions, fraternal organizations, churches, clubs and other associations; place of employment or business; driver's license and other automobile registration; [and] payment of taxes . . .

*García-Pérez v. Santaella*, 364 F.3d 348, 351 (1st Cir. 2004) (quoting 13B Wright, Miller & Cooper, *Federal Practice & Procedure* § 3612 (2d ed. 1984)). "No single factor is dispositive . . . ." *Id.*

Here, New Day is a limited liability company. In support of its emergency remand motion, it has produced a document styled as its Amended and Restated Limited Liability Company Agreement. (*See* Opp. Mot. Remand Ex. 8, Mackin Aff. Ex. A, New Day Agreement, ECF No. 26-8.) In an affidavit, New Day's Executive Vice President describes that document as "the agreement that is currently in effect for New Day." (*See* Mackin Aff. ¶ 6.) That agreement indicates that a separate entity, New Day Partners, LLC, formed New Day Financial, LLC, in 2002. (*See* Agreement § 2.1–2.2.) The agreement defines a "member" as "each Person signing this Agreement . . . ." (*See id.* at § 1.) And "person," in turn, is defined to include entities, including limited liability companies. (*See id.*) The only signatory to the agreement is New Day Partners, which was also the sole contributor of capital to the new entity, giving it ownership of 100% of New Day Financial. (*See id.* at § 3.1; New Day Agreement Ex. A.) Accordingly, New Day Financial takes the citizenship of New Day Partners. *See, e.g.*, *Branhaven, LLC v. BeefTek, Inc.*, 965 F. Supp. 2d 650, 661 (D. Md. 2013).

In 2008, New Day Partners filed Articles of Amendment to its Articles of Organization with the Maryland State Department of Assessment and Taxation, indicating that New Day Partners had changed its name to Chrysalis Holdings, LLC ("Chrysalis"). (*See* Reply Mot.

Remand Ex. A, Amendment, ECF No. 28-1.)  And three of Chrysalis' members—Jerry Johnson, Walter Rolph, and Pete Retzlaff—have submitted affidavits indicating that they are domiciled in Pennsylvania.  (*See* Reply Mot. Remand Ex. B, ECF No. 28-2.)  Jerry Johnson, for example, states that since 1995 he has lived in Pennsylvania, where he owns a single family home, is registered to vote, owns three automobiles registered in that state, and serves as the President and CEO of a business located in Philadelphia.  (*See* Reply Mot. Remand Ex. B, Johnson Aff. ¶¶ 5–11, ECF No. 28-2.)  In addition, Johnson is a long-time member of a country club, a golf club, and the Union League of Philadelphia, all of which are located in Pennsylvania.  (*See id.* at 12–14.)

Accordingly, Johnson is a citizen of Pennsylvania.  As a member of Chrysalis, he endows that LLC with his citizenship.  And through Chrysalis' membership in New Day Financial, New Day also is a citizen of Pennsylvania.  None of the parties dispute that Katz, too, is a citizen of Pennsylvania.[2]  The parties are thus not completely diverse, and this court lacks jurisdiction over their dispute.

The defendants' alternative position was initially premised on New Day's consent to removal in a previous case, in which the notice of removal represented that New Day was a citizen of Maryland.  The notice of removal in that case indicated (1) that the plaintiff was a citizen of New Jersey; (2) that New Day's co-defendant was a business entity incorporated in Oklahoma and with its principal place of business in that state; and (3) that New Day was incorporated in Maryland with its principal place of business in that state.  (*See* Opp. Mot. Remand, Ex. 1, Notice of Removal ¶¶ 5–6.)  The notice further represented that neither New Day

---

[2] The complaint states only that Katz is a *resident* of Pennsylvania, not that he is a citizen of that state. Although residency and citizenship are not identical, the court "may presume that, until controverted by fact, he is domiciled at his current residence." *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1342 (11th Cir. 2011).  The parties do not dispute that Katz is a citizen of Pennsylvania.

nor its co-defendant were citizens of New Jersey. (*See id.* at ¶ 8.) But an LLC such as New Day may be a citizen of multiple states. Nothing in the previous notice of removal thus indicates that New Day is not a citizen of Pennsylvania. Even were it otherwise, that notice would not be dispositive. "'[N]o action of the parties can confer subject-matter jurisdiction upon a federal court,' and ordinary principles of consent, waiver, and estoppel do not apply." *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 480 (4th Cir. 2005) (quoting *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)).

Otherwise, the defendants largely object to the sufficiency of the evidence that this court lacks jurisdiction. As to New Day's agreement, they characterize it as "an incomplete draft document," emphasizing several blank lines contained in the agreement. (*See* Opp. Mot. Remand 6, ECF No. 26.) Those blank spaces appear to have been left empty to accommodate the entry of precise dates on which certain other corporate documents were executed. For example, the Agreement indicates that New Day Partners "entered into that certain Limited Liability Company Agreement dated November __, 2002, which was amended by that certain Amendment of Operating Agreement dated _____ ___, 2004." (Agreement 1.) Those omissions do not compromise the sense of the document. The defendants also object to the execution of the Agreement by New Day Partners—the parent company—rather than by New Day Financial itself. Given that New Day Partners appears to be the only member of New Day Financial, there is no obvious significance to that observation. More generally, the defendants do not explain why these discrepancies—if they can even be described as such—are sufficient to overcome the sworn affidavit of New Day's Executive Vice President that the agreement governs that entity.

The defendants next argue that there is inadequate evidence that Johnson, Retzlaff, and Rolph are members of Chrysalis.  Specifically, the defendants emphasize the absence of "any corporate documentation that demonstrates that these individuals were duly-admitted members of Chrysalis at the time of removal."  (Opp. Mot. Remand 8.)  But that contention overlooks New Day's submission of Chrysalis' Eighth Amended and Restated Operating Agreement, which specifically lists Johnson, Retzlaff, and Rolph as members.  (*See* Opp. Mot. Remand Ex. 6, Chrysalis Agreement Ex. A, ECF No. 26-6.)  The defendants object that the Agreement's list of members does not indicate that the putative members were admitted pursuant to the formal process described in the Agreement.  (*See id.* at § 5.7.1.)  But they do not provide any reason to believe such support is necessary.

Throughout, the defendants seek to undermine the cogency of evidence submitted by New Day, while offering nearly nothing that contradicts that evidence.  But the defendants carry the burden of proof, not New Day.  And the applicable standard of proof requires only a preponderance of the evidence, which "simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence."  *Salem v. Holder*, 647 F.3d 111, 116 (4th Cir. 2011) (quoting *United States v. Manigan*, 592 F.3d 621, 631 (4th Cir. 2010)).  The evidence on which the court bases today's decision more than satisfies that standard—but in favor of New Day.  Equally significant, "the preponderance standard goes to how convincing the evidence in favor of a fact must be *in comparison with the evidence against it* before that fact may be found . . . ."  *Metro. Stevedore Co. v. Rambo*, 521 U.S. 121, 137 n.9 (1997) (emphasis added).  The comparative component of that standard confirms what the allocation of the burden of proof already compels—that the defendants' failure to contradict New Day's evidence with

evidence of its own cannot sustain this court's jurisdiction.

The defendants complain that New Day cooperated minimally in informal discovery of the sort that the court requested during the conference call held on Friday, July 11. But they have not cited any authority holding that they are entitled to *any* jurisdictional discovery where, as here, they have removed a case on the basis of this court's diversity jurisdiction and facts related to jurisdiction are not intertwined with the merits of the dispute. In any event, some jurisdictional discovery has been permitted. The defendants' skepticism of the documents establishing New Day's citizenship does not suggest that further discovery is likely to elicit proof of diversity. At best, the defendants suggest the possibility of some noncompliance with corporate formalities, but that noncompliance would not in itself establish the parties' diversity.

The peculiar posture of this case confirms the propriety of remanding it to the Circuit Court for Frederick County without further discovery. As noted, principles of federalism counsel strict construction of this court's jurisdiction in removal cases. Equally important, further discovery would risk further extending the temporary restraining order and delaying resolution of the motion for a preliminary injunction. This court prefers not to opine on an exigent dispute when its jurisdiction remains in doubt.

Although New Day seeks attorney's fees incurred in responding to this removal, the court declines to award any such fees. "Absent unusual circumstances, courts may award fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Although the Court has concluded that removal was improper, it does not find that the Defendants were objectively unreasonable in

seeking removal." *Feldman's Med. Ctr. Pharm., Inc. v. CareFirst, Inc.*, 959 F. Supp. 2d 783, 798 (D. Md. 2013).  This removal was reasonable in light of New Day's previous representation that it was a Maryland citizen and the ambiguity as to its citizenship in available public records and the documentation provided by New Day's counsel.  Although the removal delayed resolution of this case, any such delay was arguably more harmful to the defendants than to New Day, which retained the benefit of the status quo established by the temporary restraining order.  In such circumstances, awarding fees here would not "deter removals sought for the purpose of prolonging litigation," and thus would not be "'faithful to the purposes' of awarding fees under § 1447(c)." *Martin*, 546 U.S. at 140, 141 (quoting *Fogerty*, 510 U.S. 517, 534 n.19 (1994)).

      Because the defendants have not shown complete diversity, this case will be remanded by separate order.

August 28, 2015                                                 /s/
Date                                                             Catherine C. Blake
                                                                 United States District Judge